**This order is SIGNED.**

 

**Dated: October 9, 2018**

**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

---

*Order Prepared and Submitted By:*
Stephen W. Rupp, #2824
Mark C. Rose, #13855
**McKay, Burton & Thurman, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: srupp@mbt-law.com
E-mail: mrose@mbt-law.com
*Attorneys for Trustee Stephen W. Rupp*

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>CHRISTOPHER SHANE NEWSOME,<br><br>Debtor. | Bankruptcy Case 17-28624<br>(Chapter 7)<br><br>Judge R. Kimball Mosier<br><br>**FILED ELECTRONICALLY** |

**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Before the court for ruling is Trustee Stephen W. Rupp's ("Trustee") *Motion for Approval of Settlement Agreement* (the "Motion") [Dkt. Entry #35]. On September 12, 2018, Trustee filed the Motion along with a notice of hearing on the Motion (the "Notice of Hearing") [Dkt. Entry #36].

On September 15, 2018, the Motion and the Notice of Hearing were served by first-class mail, through the Bankruptcy Noticing Center (BNC), on all parties-in-interest as identified on the mailing matrix associated with this bankruptcy case. *See* Dkt. Entry #38. The Notice of Hearing provided notice to parties-in-interest that in the absence of an objection filed no later than October 4, 2018, the hearing reserved for October 17, 2018 at 10:30 a.m. may not be held and an order approving the Motion may be entered without a hearing. *See* Dkt. Entry #36.

Having received no objection to the Motion or the Notice of Hearing, notice being proper, and good cause appearing, it is hereby **ORDERED** as follows:

1. Trustee Stephen W. Rupp's *Motion for Approval of Settlement Agreement* [Dkt. Entry #35] is **GRANTED**;

2. The settlement agreement between Trustee Stephen W. Rupp and Debtor Christopher Shane Newsome, attached hereto as Exhibit 1, is **APPROVED**; and

3. The hearing on Trustee Stephen W. Rupp's *Motion for Approval of Settlement Agreement*, reserved for October 17, 2018 at 10:30 a.m., is **STRICKEN**.

---------------------------------------------END OF ORDER-----------------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

Mark C. Rose,  mrose@mbt-law.com, markcroselegal@gmail.com
Stephen W. Rupp, rupptrustee@mbt-law.com, UT03@ecfcbis.com
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
**All other parties registered with CM/ECF and entitled to notice in this case**

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R.Civ.P.5(b):

Christopher Shane Newsome
14190 Flowerfield Circle
Draper, Utah 84020

_____
Deputy Clerk

# EXHIBIT 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into as of the 13th day of August, 2018, but effective as of the Effective Date (as defined below), by and between Stephen W. Rupp ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Christopher Shane Newsome, on the one hand, and Debtor Christopher Shane Newsom ("Debtor"), on the other hand. Trustee and Debtor are sometimes referred to herein individually as a "Party" or collectively as the "Parties."

## RECITALS

A. On October 2, 2017 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the bankruptcy code in the United States Bankruptcy Court for the District of Utah, Central Division (the "Bankruptcy Court") resulting in bankruptcy case 17-28624 (the "Bankruptcy Case").

B. On or about the Petition Date, Trustee was appointed as the trustee of Debtor's Chapter 7 bankruptcy estate in the Bankruptcy Case.

C. Pursuant to his duties under the bankruptcy code, 11 U.S.C. §704 *et. seq.*, Trustee investigated Debtor's financial affairs and dealings. In his investigation, Trustee learned that Debtor had not filed tax returns since 2012. Accordingly, Trustee requested a copy of Debtor's prepared and filed tax returns for tax years 2012 through 2016. Trustee suspected, and Debtor acknowledged, that there would be refunds associated with Debtor filing his 2013 through 2016 tax returns. Trustee also requested a copy of Debtor's financial account statements for September and October 2017.

D. On May 14, 2018, the Bankruptcy Court entered a turnover order (the "Turnover Order") requiring Debtor to provide Trustee with a copy of his filed 2012 through 2016 tax returns.

E. Debtor has not filed his tax returns for 2013 through 2016, complied with the Turnover Order, nor provided Trustee with a copy of his financial account statements for September and October 2017.

F. After settlement negotiations, Trustee and Debtor have agreed to resolve and compromise any and all claims and disputes, of whatever kind and nature, that currently exist between them, known or unknown, pursuant to the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing recitals of fact, and subject to the approval of the Bankruptcy Court in the Bankruptcy Case, the Parties hereto agree as follows:

1. <u>Effectiveness of Agreement</u>. This Agreement shall become effective upon the entry of an order by the Bankruptcy Court in the Bankruptcy Case approving this Agreement. The date of entry of the Bankruptcy Court's order approving this Agreement is herein referred to as the "Effective Date." Trustee shall promptly file a motion with the Bankruptcy Court seeking approval of this Agreement, and Trustee shall provide notice of the motion to all parties-in-interest entitled to such notice in the Bankruptcy Case.

2. <u>Settlement Terms</u>. Debtor agrees to voluntarily waive his discharge pursuant to 11 U.S.C. §727(a)(10). In exchange, Trustee agrees to forego pursuing claims against Debtor and close the Bankruptcy Case. Debtor's waiver of his discharge is done knowingly and voluntarily and with an opportunity to review this Agreement with legal counsel.

3. <u>Release of Claims by the Trustee</u>. Upon the Effective Date of this Agreement, Trustee shall release and forever discharge Debtor from any and all claims, demands, liabilities, and responsibilities of every kind and nature, known or unknown whatsoever, except for any claims that may arise for breach of this Agreement.

4. <u>Release of Claims by Debtor</u>. Upon the Effective Date of this Agreement, Debtor shall release and forever discharge Trustee, his agents, representatives, and attorneys and Debtor's bankruptcy estate from any and all claims, demands, liabilities and responsibilities of every kind and nature, known or unknown whatsoever, except for any claims that may arise for breach of this Agreement.

5. <u>Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement is subject to notice to all parties-in-interest in the Bankruptcy Case and approval of the Bankruptcy Court.

6. <u>Governing Law</u>. This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the laws of the State of Utah, except to the extent such laws are superseded by the laws of the United States of America, and in such instances, the laws of the United States shall control.

7. <u>Attorneys' Fees and Costs</u>. Except as otherwise provided in this Agreement, the Parties shall bear their own attorneys' fees and costs arising from or related to the execution of this Agreement.

8. <u>Future Attorneys' Fees</u>. In the event of any litigation or dispute resolution relating to this Agreement, the prevailing Party shall be entitled to collect from the other Party to such litigation or dispute resolution any and all reasonable costs (including reasonable attorneys' fees) incurred by the prevailing Party in connection with such litigation or dispute resolution. Such relief shall be in addition to any other relief to which the prevailing Party may be entitled.

9. <u>Binding Effect; Entire Agreement; Amendment</u>. This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, and assigns, officers, directors, employees, agents, attorneys and representatives, subrogees, and to all persons or entities claiming by, through or under them. This Agreement is fully integrated and

represents the entire understanding between the Parties, and there are no written or oral agreements between them which are not set forth herein. None of the provisions of this Agreement may be changed, discharged or terminated orally and may be modified or amended only by an instrument in writing, signed by all Parties. Likewise the rights available to each of the Parties under this Agreement cannot be waived or released orally, and may be waived or released only by an instrument in writing, signed by the Party whose rights will be diminished or adversely affected by the waiver.

10. <u>Severability</u>. Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Furthermore, all other provisions not so prohibited or unenforceable shall remain effective.

11. <u>Captions</u>. The captions and headings are for reference and convenience only and shall not affect the construction or interpretation of any of the terms of this Agreement.

12. <u>Joint Preparation</u>. This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one party.

13. <u>No Inducement</u>. The Parties represent, warrant, and agree that upon executing and entering into this Agreement, they, and each of them, are not relying upon and have not relied upon any representation, promise, or statement made by anyone which is not recited, contained, or embodied in this Agreement.

14. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Facsimile or e-mailed signatures by PDF shall have the same force and effect as original signatures.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGES TO FOLLOW]**

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement as follows:

_____        Dated this 27 day of August, 2018.
Christopher Shane Newsome
*Debtor*

    On this 27 day of August, 2018, before me, Barbie J. Newsome, a notary public, personally appeared Christopher Shane Newsome, proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged that she executed the same. Witness my hand and official seal.



_____
Notary Public

**CHAPTER 7 BANKRUPTCY ESTATE
OF CHRISTOPHER SHANE NEWSOME**

_____        Dated this 11 day of September, 2018.
Stephen W. Rupp
*Trustee*

    On this 11 day of September, 2018, before me, Karin Powell, a notary public, personally appeared Stephen W. Rupp, proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged that he has executed the same. Witness my hand and official seal.

**KARIN P. POWELL**
Notary Public  State of Utah
My Commission Expires on:
April 19, 2022
Comm. Number: 700023

_____
Notary Public